<div data-spec-version="0.0.3dev" data-generated-on="2024-07-14">
 <div class="generated-from-iceberg vlex-toc">
 <link href="https://doc-stylesheets.vlex.com/ldml-xml.css" rel="stylesheet" type="text/css"></link>
 <div class="ldml-decision"><div class="ldml-decision"><div href="/vid/907372640" data-vids="907372640" class="ldml-header header ldml-header content__heading content__heading--depth1" data-content-heading-label="Header"><p class="ldml-metadata"><span class="ldml-cite"><b class="ldml-bold">507 P.3d 1072</b></span></p><p class="ldml-metadata"><span class="ldml-cite"><b class="ldml-bold">2022 COA 2</b></span></p><p class="ldml-metadata"><b class="ldml-bold"><span class="ldml-party"><span class="ldml-name">The PEOPLE of the State of Colorado</span>, <span class="ldml-role">Plaintiff</span>-<span class="ldml-role">Appellee</span></span>,</b></p><p class="ldml-metadata"><b class="ldml-bold">v.</b><b class="ldml-bold"><span class="ldml-party"><span class="ldml-name">Shane JOHNSON</span>, <span class="ldml-role">Defendant</span>-<span class="ldml-role">Appellant</span></span>.</b></p><p class="ldml-metadata"><b class="ldml-bold">Court of Appeals <span class="ldml-cite">No. 19CA1713</span> </b></p><p class="ldml-metadata"><span class="ldml-court"><b class="ldml-bold">Colorado Court of Appeals, Division A.</b></span></p><p class="ldml-metadata"><b class="ldml-bold">Announced <span class="ldml-date">January 6, 2022</span></b></p></div><div class="ldml-counsel header ldml-header content__heading content__heading--depth1" data-content-heading-label="Counsel"><p data-paragraph-id="209" class="ldml-paragraph no-indent mt-2"><span data-paragraph-id="209" data-sentence-id="209" class="ldml-sentence"><span class="ldml-entity"><span class="ldml-lawyer">Philip J. Weiser</span></span>, <span class="ldml-entity">Attorney General</span>, <span class="ldml-entity"><span class="ldml-lawyer">Jennifer L. Carty</span></span>, Assistant <span class="ldml-entity">Attorney General</span>, Denver, Colorado, for <span class="ldml-entity"><span class="ldml-role">Plaintiff</span></span>-<span class="ldml-entity"><span class="ldml-role">Appellee</span></span></span></p><p data-paragraph-id="332" class="ldml-paragraph no-indent mt-2"><span data-paragraph-id="332" data-sentence-id="332" class="ldml-sentence"><span class="ldml-entity"><span class="ldml-lawyer">Leslie A. Goldstein</span></span>, Alternate Defense <span class="ldml-entity">Counsel</span>, Steamboat Springs, Colorado, for <span class="ldml-entity"><span class="ldml-role">Defendant</span></span>-<span class="ldml-entity"><span class="ldml-role">Appellant</span></span></span></p></div><p data-paragraph-id="432" class="ldml-paragraph "><span class="ldml-judgepanel"><span data-paragraph-id="432" data-sentence-id="432" class="ldml-sentence"><span class="ldml-entity">Opinion by JUDGE <span class="ldml-entity"><span class="ldml-judge">FOX</span></span></span></span></span></p><div class="ldml-opinion"><p data-paragraph-id="452" class="ldml-paragraph "><span data-paragraph-id="452" data-sentence-id="452" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_452"><span class="ldml-cite">¶ 1</span></a></span> <span class="ldml-entity">Defendant</span>, <span class="ldml-entity">Shane Johnson</span>, appeals the postconviction <span class="ldml-entity">court</span>'s order denying his ineffective assistance of trial <span class="ldml-entity">counsel</span> claim based on his attorney's adherence to his instruction not to mount a defense.</span> <span data-paragraph-id="452" data-sentence-id="658" class="ldml-sentence">Although our reasoning differs from that of the postconviction <span class="ldml-entity">court</span>, <span class="ldml-entity">we</span> conclude that the postconviction <span class="ldml-entity">court</span> properly denied Johnson's ineffective assistance of <span class="ldml-entity">counsel</span> claim because <span class="ldml-parenthetical">(1)</span> there was no suggestion that Johnson was incompetent or that his decision to forgo a defense was not voluntary and knowing and <span class="ldml-parenthetical">(2)</span> <span class="ldml-entity">he</span> explicitly and unambiguously instructed trial <span class="ldml-entity">counsel</span> not to mount a defense.</span></p><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth1" data-id="heading_1059" data-confidences="very_high" data-parsed="true" data-value="I. Relevant Facts and Procedural History" data-content-heading-label="I. Relevant Facts and Procedural History" data-format="upper_case_roman_numeral" data-ordinal_end="1" id="heading_1059" data-specifier="I" data-ordinal_start="1" data-types="background"><span data-paragraph-id="1059" class="ldml-paragraph "><span data-paragraph-id="1059" data-sentence-id="1059" class="ldml-sentence">I.</span> <span data-paragraph-id="1059" data-sentence-id="1062" class="ldml-sentence">Relevant Facts and Procedural History</span></span></section><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth2" data-id="heading_1099" data-parsed="true" data-value="A. Felony Escape Case" data-content-heading-label="A. Felony Escape Case" data-format="upper_case_letters" data-ordinal_end="1" id="heading_1099" data-specifier="A" data-ordinal_start="1"><span data-paragraph-id="1099" class="ldml-paragraph "><span data-paragraph-id="1099" data-sentence-id="1099" class="ldml-sentence">A.</span> <span data-paragraph-id="1099" data-sentence-id="1102" class="ldml-sentence">Felony Escape Case</span></span></section><p data-paragraph-id="1120" class="ldml-paragraph "><span data-paragraph-id="1120" data-sentence-id="1120" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_1120"><span class="ldml-cite">¶ 2</span></a></span> <span class="ldml-entity">The prosecution</span> presented evidence that, while housed at the <span class="ldml-entity">Mesa County</span> jail awaiting sentencing on felony charges, Johnson escaped from the facility with his wife's assistance.</span> <span data-paragraph-id="1120" data-sentence-id="1303" class="ldml-sentence">Johnson and his wife then fled to Mexico.</span> <span data-paragraph-id="1120" data-sentence-id="1345" class="ldml-sentence"><span class="ldml-entity">They</span> were apprehended about a <span class="ldml-pagenumber" data-id="pagenumber_1375" data-val="1074" data-vol="507" data-rep="P.3d" data-page_type="bracketed_cite"></span> year later and Johnson was charged with felony escape.<a href="#note-fr1" class="ldml-noteanchor" id="note-ref-fr1">1</a></span> </p><p data-paragraph-id="1431" class="ldml-paragraph "><span data-paragraph-id="1431" data-sentence-id="1431" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_1431"><span class="ldml-cite">¶ 3</span></a></span> Dissatisfied with the <span class="ldml-entity">Department of Corrections</span>’ <span class="ldml-parenthetical">(DOC)</span> alleged interference with his ability to communicate with <span class="ldml-entity">counsel</span>, Johnson asked, pro se, that the charges be dismissed.</span> <span data-paragraph-id="1431" data-sentence-id="1611" class="ldml-sentence">Later, Johnson indicated, through <span class="ldml-entity">counsel</span>, that <span class="ldml-entity">he</span> wanted to represent himself.</span> <span data-paragraph-id="1431" data-sentence-id="1691" class="ldml-sentence">When <span class="ldml-entity">the court</span> refused to dismiss, Johnson asked for a continuance so that <span class="ldml-entity">he</span> could locate a witness who allegedly would testify that Johnson was intoxicated when <span class="ldml-entity">he</span> escaped, thereby negating the requisite mental state for the escape charge.</span> <span data-paragraph-id="1431" data-sentence-id="1933" class="ldml-sentence"><span class="ldml-entity">The court</span> denied that request for a continuance and Johnson's renewed <span class="ldml-entity">motion to continue the trial</span> — reasserting the communication difficulties and the need to locate the witness — made on the first day of trial.</span></p><p data-paragraph-id="2145" class="ldml-paragraph "><span data-paragraph-id="2145" data-sentence-id="2145" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_2145"><span class="ldml-cite">¶ 4 A</span></a></span> frustrated Johnson instructed his <span class="ldml-entity">counsel</span> not to mount a defense.</span> <span data-paragraph-id="2145" data-sentence-id="2217" class="ldml-sentence"><span class="ldml-entity">Counsel</span> requested, and was granted, a closed session with <span class="ldml-entity">the court</span>.</span> <span data-paragraph-id="2145" data-sentence-id="2286" class="ldml-sentence">In that session, <span class="ldml-entity">the court</span> received assurances from Johnson that <span class="ldml-entity">he</span> made his decision voluntarily and knowingly and with <span class="ldml-entity">counsel</span>'s advice about the consequences of his decision.</span> <span data-paragraph-id="2145" data-sentence-id="2464" class="ldml-sentence">Johnson also affirmed <span class="ldml-entity">he</span> wanted <span class="ldml-entity">counsel</span> to continue on <span class="ldml-entity">the case</span>.</span> <span data-paragraph-id="2145" data-sentence-id="2529" class="ldml-sentence">Significantly, there is no suggestion in the record that Johnson was not competent to make the decision.</span> <span data-paragraph-id="2145" data-sentence-id="2634" class="ldml-sentence">At no time did Johnson's <span class="ldml-entity">counsel</span> suggest <span class="ldml-entity">he</span> lacked that competence.</span></p><p data-paragraph-id="2701" class="ldml-paragraph "><span data-paragraph-id="2701" data-sentence-id="2701" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_2701"><span class="ldml-cite">¶ 5</span></a></span> Trial proceeded, but Johnson's <span class="ldml-entity">counsel</span> did not participate in voir dire, did not give an opening statement, and did not cross-examine witnesses.</span> <span data-paragraph-id="2701" data-sentence-id="2850" class="ldml-sentence"><span class="ldml-entity">The prosecution</span> presented evidence that, as <span class="ldml-entity">he</span> awaited sentencing on other convictions, Johnson used bed sheets to lower himself from the window of the detention facility and then used a hacksaw to cut the fence surrounding the facility.</span> <span data-paragraph-id="2701" data-sentence-id="3088" class="ldml-sentence">Video footage confirmed some of this evidence.</span> <span data-paragraph-id="2701" data-sentence-id="3135" class="ldml-sentence">Johnson's wife also testified that <span class="ldml-entity">she</span> picked up Johnson from the jail, as <span class="ldml-entity">they</span> had previously arranged, before <span class="ldml-entity">they</span> fled to Mexico.</span></p></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth2" data-id="heading_3267" data-confidences="medium" data-parsed="true" data-value="B. Direct Appeal" data-content-heading-label="B. Direct Appeal" data-format="upper_case_letters" data-ordinal_end="2" id="heading_3267" data-specifier="B" data-ordinal_start="2" data-types="appeal"><span data-paragraph-id="3267" class="ldml-paragraph "><span data-paragraph-id="3267" data-sentence-id="3267" class="ldml-sentence">B.</span> <span data-paragraph-id="3267" data-sentence-id="3270" class="ldml-sentence">Direct Appeal</span></span></section><p data-paragraph-id="3283" class="ldml-paragraph "><span data-paragraph-id="3283" data-sentence-id="3283" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_3283"><span class="ldml-cite">¶ 6</span></a></span> On direct appeal, Johnson argued that <span class="ldml-entity">the trial court</span> erred by denying his <span class="ldml-entity">motion to dismiss the escape charge</span> because the DOC failed to promptly inform him of the detainer lodged against him.</span> <span data-paragraph-id="3283" data-sentence-id="3480" class="ldml-sentence"><i class="ldml-italics">See </i> <i class="ldml-italics"><span class="ldml-entity">People</span> v. Johnson</i> , <span class="ldml-parenthetical">(<span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_3480"><span class="ldml-refname">Colo. App.</span> <span class="ldml-cite">No. 11CA2219</span></a></span>, <span class="ldml-entity">Oct. 16, 2014</span>)</span> <span class="ldml-parenthetical">(not published pursuant to C.A.R. 35<span class="ldml-parenthetical">(f)</span> )</span>.</span> <span data-paragraph-id="3283" data-sentence-id="3589" class="ldml-sentence">In that appeal, Johnson attempted to raise ineffective assistance of <span class="ldml-entity">counsel</span> claims based on <span class="ldml-entity">counsel</span>'s alleged failure to investigate his case and failure to communicate with him.</span> <span data-paragraph-id="3283" data-sentence-id="3769" class="ldml-sentence">The division affirmed <span class="ldml-entity">the trial court</span>'s order denying his <span class="ldml-entity">motion to dismiss</span> and declined to address his ineffective assistance of <span class="ldml-entity">counsel</span> claims because a factual record had yet to be developed.</span> <span data-paragraph-id="3283" data-sentence-id="3964" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_3769"><span class="ldml-cite"><i class="ldml-italics">Id.</i></span></a></span></span></p></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth2" data-id="heading_3967" data-parsed="true" data-value="C. Postconviction Proceeding" data-content-heading-label="C. Postconviction Proceeding" data-format="upper_case_letters" data-ordinal_end="3" id="heading_3967" data-specifier="C" data-ordinal_start="3"><span data-paragraph-id="3967" class="ldml-paragraph "><span data-paragraph-id="3967" data-sentence-id="3967" class="ldml-sentence">C. Postconviction Proceeding</span></span></section><p data-paragraph-id="3995" class="ldml-paragraph "><span data-paragraph-id="3995" data-sentence-id="3995" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_3995"><span class="ldml-cite">¶ 7</span></a></span> Johnson moved for postconviction relief under <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_3995"><span class="ldml-cite">Crim. P. 35<span class="ldml-parenthetical">(c)</span></span></a></span>, alleging that trial <span class="ldml-entity">counsel</span> provided ineffective assistance by failing to subject <span class="ldml-entity">the prosecution</span>'s case to meaningful adversarial testing and that, under <span class="ldml-entity"><a href="/vid/886768492" data-vids="886768492" class="ldml-reference" data-prop-ids="sentence_3995"><span class="ldml-refname"><i class="ldml-italics">United States v. Cronic</i></span> , <span class="ldml-cite">466 U.S. 648</span>, <span class="ldml-cite">104 S.Ct. 2039</span>, <span class="ldml-cite">80 L.Ed.2d 657</span> <span class="ldml-parenthetical">(<span class="ldml-date">1984</span>)</span></a></span>, prejudice was presumed.<a href="#note-fr2" class="ldml-noteanchor" id="note-ref-fr2">2</a></span> <span data-paragraph-id="3995" data-sentence-id="4319" class="ldml-sentence"><span class="ldml-entity">The prosecution</span> responded that <span class="ldml-entity"><a href="/vid/886768367" data-vids="886768367" class="ldml-reference" data-prop-ids="sentence_4319"><span class="ldml-refname"><i class="ldml-italics">Strickland v. Washington</i></span> , <span class="ldml-cite">466 U.S. 668</span>, <span class="ldml-cite">104 S.Ct. 2052</span>, <span class="ldml-cite">80 L.Ed.2d 674</span> <span class="ldml-parenthetical">(<span class="ldml-date">1984</span>)</span></a></span> — requiring <span class="ldml-entity">a defendant</span> to prove there is a reasonable probability that, but for his attorney's deficient performance, the result of the proceeding would have been different — provided the operative legal framework and that, given the evidence presented at trial, Johnson could not establish prejudice.</span></p><p data-paragraph-id="4731" class="ldml-paragraph "><span data-paragraph-id="4731" data-sentence-id="4731" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_4731"><span class="ldml-cite">¶ 8</span></a></span> The postconviction <span class="ldml-entity">court</span> held an evidentiary hearing on Johnson's ineffective assistance of <span class="ldml-entity">counsel</span> claim.</span> <span data-paragraph-id="4731" data-sentence-id="4842" class="ldml-sentence">Having considered the evidence and arguments presented, the postconviction <span class="ldml-entity">court</span> denied Johnson's ineffective assistance of <span class="ldml-entity">counsel</span> claim.</span> <span data-paragraph-id="4731" data-sentence-id="4981" class="ldml-sentence">While it <span class="ldml-pagenumber" data-id="pagenumber_4990" data-val="1075" data-vol="507" data-rep="P.3d" data-page_type="bracketed_cite"></span> assumed that <span class="ldml-entity">counsel</span> was ineffective, <span class="ldml-entity">the court</span> declined to apply <span class="ldml-entity"><a href="/vid/886768492" data-vids="886768492" class="ldml-reference" data-prop-ids="sentence_4981"><span class="ldml-refname"><i class="ldml-italics">Cronic</i></span></a></span> and concluded that Johnson had not proved prejudice as required by <span class="ldml-entity"><a href="/vid/886768367" data-vids="886768367" class="ldml-reference" data-prop-ids="sentence_4981"><span class="ldml-refname"><i class="ldml-italics">Strickland</i></span></a></span> .</span></p></div></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth1" data-id="heading_5143" data-confidences="very_high,very_high" data-parsed="true" data-value="II. Standard of Review and Legal Principles" data-content-heading-label="II. Standard of Review and Legal Principles" data-format="upper_case_roman_numeral" data-ordinal_end="2" id="heading_5143" data-specifier="II" data-ordinal_start="2" data-types="backgroundlaw,standardofreview"><span data-paragraph-id="5143" class="ldml-paragraph "><span data-paragraph-id="5143" data-sentence-id="5143" class="ldml-sentence">II.</span> <span data-paragraph-id="5143" data-sentence-id="5147" class="ldml-sentence">Standard of Review and Legal Principles</span></span></section><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth2" data-id="heading_5186" data-confidences="very_high" data-parsed="true" data-value="A. Standard of Review" data-content-heading-label="A. Standard of Review" data-format="upper_case_letters" data-ordinal_end="1" id="heading_5186" data-specifier="A" data-ordinal_start="1" data-types="standardofreview"><span data-paragraph-id="5186" class="ldml-paragraph "><span data-paragraph-id="5186" data-sentence-id="5186" class="ldml-sentence">A.</span> <span data-paragraph-id="5186" data-sentence-id="5189" class="ldml-sentence">Standard of Review</span></span></section><p data-paragraph-id="5207" class="ldml-paragraph "> <span data-paragraph-id="5207" data-sentence-id="5208" class="ldml-sentence"><span class="ldml-entity"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_5208"><span class="ldml-cite">¶ 9 A</span></a></span> claim</span> of ineffective assistance of <span class="ldml-entity">counsel</span> presents a mixed question of fact and law.</span> <span data-paragraph-id="5207" data-sentence-id="5300" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/888246688" data-vids="888246688" class="ldml-reference" data-prop-ids="sentence_5208"><span class="ldml-refname"><i class="ldml-italics">Dunlap v. People</i></span> , <span class="ldml-cite">173 P.3d 1054, 1063</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">2007</span>)</span></a></span> <span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_5208" data-refglobal="case:peoplevstovall,2012coa7m"><span class="ldml-refname"><i class="ldml-italics">People v. Stovall</i></span> , <span class="ldml-cite">2012 COA 7M</span></a></span>, <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_5208"><span class="ldml-cite">¶ 18</span></a></span></span>, <span class="ldml-entity"><a href="/vid/895091451" data-vids="895091451" class="ldml-reference"><span class="ldml-cite">284 P.3d 151</span></a></span>.</span> <span data-paragraph-id="5207" data-sentence-id="5407" class="ldml-sentence">Though <span class="ldml-entity">we</span> defer to <span class="ldml-entity">the trial court</span>'s findings of fact if <span class="ldml-entity">they</span> are supported by the record, <span class="ldml-entity">we</span> review <span class="ldml-entity">the court</span>'s legal conclusions de novo.</span> <span data-paragraph-id="5207" data-sentence-id="5547" class="ldml-sentence"><span class="ldml-entity"><a href="/vid/888246688" data-vids="888246688" class="ldml-reference" data-prop-ids="sentence_5407"><span class="ldml-refname"><i class="ldml-italics">Dunlap</i></span> , <span class="ldml-cite">173 P.3d at 1063</span></a></span>.</span></p><p data-paragraph-id="5573" class="ldml-paragraph "> <span data-paragraph-id="5573" data-sentence-id="5574" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_5574"><span class="ldml-cite">¶ 10</span></a></span> Like a waiver of <span class="ldml-entity">counsel</span> or the denial of the right to present a defense, <span class="ldml-entity"><span class="ldml-entity">a defendant</span>'s decision</span> to forgo a defense presents a mixed question of fact and law.</span> <span data-paragraph-id="5573" data-sentence-id="5738" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">See</span> </i> <span class="ldml-entity"><a href="/vid/892097072" data-vids="892097072" class="ldml-reference" data-prop-ids="sentence_5574"><span class="ldml-refname"><i class="ldml-italics">People v. Bergerud</i></span> , <span class="ldml-cite">223 P.3d 686, 693</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">2010</span>)</span></a></span> <span class="ldml-parenthetical">(waiver of <span class="ldml-entity">counsel</span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a href="/vid/891984782" data-vids="891984782" class="ldml-reference" data-prop-ids="embeddedsentence_5866,sentence_5574"><span class="ldml-refname"><i class="ldml-italics">Bernal v. People</i></span> , <span class="ldml-cite">44 P.3d 184, 198</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">2002</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">right to present a defense</span>)</span><span class="ldml-referenceseparator">;</span> <i class="ldml-italics"><span class="ldml-signal">see also</span> </i> <span class="ldml-entity"><a href="/vid/890382870" data-vids="890382870" class="ldml-reference" data-prop-ids="embeddedsentence_5961,sentence_5574"><span class="ldml-refname"><i class="ldml-italics">People v. Blehm</i></span> , <span class="ldml-cite">983 P.2d 779, 792 & n.9</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">1999</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">waiver of the right to testify at trial</span>)</span></span>.</span></p></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth2" data-id="heading_6002" data-parsed="true" data-value="B. Decision to Defend: Is it Counsel's or Defendant's to Make?" data-content-heading-label="B. Decision to Defend: Is it Counsel's or Defendant's to Make?" data-format="upper_case_letters" data-ordinal_end="2" id="heading_6002" data-specifier="B" data-ordinal_start="2"><span data-paragraph-id="6002" class="ldml-paragraph "><span data-paragraph-id="6002" data-sentence-id="6002" class="ldml-sentence">B.</span> <span data-paragraph-id="6002" data-sentence-id="6005" class="ldml-sentence">Decision to Defend: Is it <span class="ldml-entity">Counsel</span>'s or <span class="ldml-entity">Defendant</span>'s to Make?</span></span></section><p data-paragraph-id="6064" class="ldml-paragraph "> <span data-paragraph-id="6064" data-sentence-id="6065" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_6065"><span class="ldml-cite">¶ 11 A</span></a></span> criminal <span class="ldml-entity">defendant</span> has the right to make certain key decisions — if <span class="ldml-entity">they</span> are made voluntarily, intelligently, and knowingly — including whether to represent himself.</span> <span data-paragraph-id="6064" data-sentence-id="6238" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_6065"><span class="ldml-cite">Colo. Const. art. II, § 16</span></a></span>.</span> <span data-paragraph-id="6064" data-sentence-id="6266" class="ldml-sentence">Indeed, some decisions are deemed <span class="ldml-quotation quote">"fundamental"</span> — such as a decision whether to plead guilty or to appeal — where <span class="ldml-entity">they</span> relate directly to the objectives of the representation.</span> <span data-paragraph-id="6064" data-sentence-id="6442" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/892097072" data-vids="892097072" class="ldml-reference" data-prop-ids="embeddedsentence_6473,sentence_6266"><span class="ldml-refname"><i class="ldml-italics">Bergerud</i></span> , <span class="ldml-cite">223 P.3d at 693-94</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">decisions such as whether to plead guilty, testify, or waive a jury trial are so fundamental, <span class="ldml-entity">they</span> must be made by <span class="ldml-entity">a defendant</span> himself</span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-signal"><i class="ldml-italics">see also</i></span> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="embeddedsentence_6635,sentence_6266"><span class="ldml-cite">Crim. P. 44<span class="ldml-parenthetical">(a)</span></span></a></span> <span class="ldml-parenthetical">(<span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"No lawyer need be appointed for <span class="ldml-entity">a defendant</span> who, after being advised, with full knowledge of his rights thereto, elects to proceed without <span class="ldml-entity">counsel</span>."</span></span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="embeddedsentence_6805,sentence_6266"><span class="ldml-cite">Colo. RPC 1.2<span class="ldml-parenthetical">(a)</span></span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">a lawyer must abide by a client's decisions concerning the objectives of representation</span>)</span></span>.</span></p><p data-paragraph-id="6894" class="ldml-paragraph "> <span data-paragraph-id="6894" data-sentence-id="6895" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_6895"><span class="ldml-cite">¶ 12</span></a></span> As <span class="ldml-entity">we</span> understand it, <span class="ldml-quotation quote">"objectives of the representation"</span> means the client's goal in <span class="ldml-entity">the case</span>.</span> <span data-paragraph-id="6894" data-sentence-id="6993" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="embeddedsentence_7082,sentence_6895"><span class="ldml-refname"><i class="ldml-italics">McCoy v. Louisiana</i></span> , <span class="ldml-cite">584 U.S. ––––, ––––</span>, <span class="ldml-cite">138 S. Ct. 1500, 1505</span>, <span class="ldml-cite">200 L.Ed.2d 821</span> <span class="ldml-parenthetical">(<span class="ldml-date">2018</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">recognizing that <span class="ldml-quotation quote">"it is <span class="ldml-entity">the Defendant</span>'s prerogative, not <span class="ldml-entity">counsel</span>'s, to decide on the objective of his defense"</span></span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="embeddedsentence_7233,sentence_6895"><span class="ldml-cite">584 U.S. at ––––</span>, <span class="ldml-cite">138 S. Ct. at 1508</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"Autonomy to define that the objective of the defense is to assert innocence belongs in this latter category....</span> <span class="ldml-embeddedsentence">These are not strategic choices about how best to achieve a client's objectives; <span class="ldml-entity">they</span> are choices about what the client's objectives in fact are."</span></span>)</span></span>.</span> <span data-paragraph-id="6894" data-sentence-id="7495" class="ldml-sentence">For example, while the accused should receive full advice before entering a guilty plea, <span class="ldml-entity">the defendant</span> himself must ultimately make the decision.</span> <span data-paragraph-id="6894" data-sentence-id="7641" class="ldml-sentence">The lawyer can, and should, inform the client of the likely consequences of a plea decision, but only <span class="ldml-entity">the defendant</span> will bear those consequences or accept the ramifications of going to trial.</span></p><p data-paragraph-id="7832" class="ldml-paragraph "> <span data-paragraph-id="7832" data-sentence-id="7833" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_7833"><span class="ldml-cite">¶ 13</span></a></span> Other fundamental decisions, such as whether to forgo assistance of <span class="ldml-entity">counsel</span>, to waive a jury trial, or to testify on one's own behalf, sound like strategic decisions because <span class="ldml-entity">they</span> relate to the means the defense invokes in seeking the primary object of the representation — namely, a favorable end result.</span> <span data-paragraph-id="7832" data-sentence-id="8143" class="ldml-sentence">But these decisions are so personal to the fate of an accused that <span class="ldml-entity">they</span> are as compelling as deciding the objectives of the representation.</span> <span data-paragraph-id="7832" data-sentence-id="8283" class="ldml-sentence">As the <span class="ldml-entity">United States Supreme Court</span> explained in <span class="ldml-entity"><a href="/vid/891165708" data-vids="891165708" class="ldml-reference" data-prop-ids="sentence_8283"><span class="ldml-refname"><i class="ldml-italics">Faretta v. California</i></span> , <span class="ldml-cite">422 U.S. 806, 834</span>, <span class="ldml-cite">95 S.Ct. 2525</span>, <span class="ldml-cite">45 L.Ed.2d 562</span> <span class="ldml-parenthetical">(<span class="ldml-date">1970</span>)</span></a></span>, <span class="ldml-quotation quote">"although <span class="ldml-entity">he</span> may conduct his own defense ultimately to his own detriment, his choice must be honored out of <span class="ldml-quotation quote">‘that respect for the individual which is the lifeblood of the law.’</span> "</span></span> <span data-paragraph-id="7832" data-sentence-id="8591" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/891165708" data-vids="891165708" class="ldml-reference" data-prop-ids="sentence_8283"><span class="ldml-cite"><i class="ldml-italics">Id.</i></span></a></span> <span class="ldml-parenthetical">(<span class="ldml-cert">quoting</span> <span class="ldml-entity"><a href="/vid/895314620" data-vids="895314620" class="ldml-reference" data-prop-ids="sentence_8283"><span class="ldml-refname"><i class="ldml-italics">Illinois v. Allen</i></span> , <span class="ldml-cite">397 U.S. 337, 350-51</span>, <span class="ldml-cite">90 S.Ct. 1057</span>, <span class="ldml-cite">25 L.Ed.2d 353</span> <span class="ldml-parenthetical">(<span class="ldml-date">1970</span>)</span> <span class="ldml-parenthetical">(Brennan, J., concurring)</span></a></span>)</span><span class="ldml-referenceseparator">;</span> <i class="ldml-italics"><span class="ldml-signal">see also</span> </i> <span class="ldml-entity"><a href="/vid/892097072" data-vids="892097072" class="ldml-reference" data-prop-ids="embeddedsentence_8749,sentence_8283"><span class="ldml-refname"><i class="ldml-italics">Bergerud</i></span> , <span class="ldml-cite">223 P.3d at 693</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">if Bergerud's attorneys had prevented him from making fundamental choices, his choice between proceeding pro se and continuing with <span class="ldml-entity">counsel</span> would have been <span class="ldml-quotation quote">"constitutionally offensive"</span></span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a href="/vid/890416335" data-vids="890416335" class="ldml-reference" data-prop-ids="embeddedsentence_8989,sentence_8283"><span class="ldml-refname"><i class="ldml-italics">People v. Romero</i></span> , <span class="ldml-cite">694 P.2d 1256, 1264</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">1985</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">because the right of self-representation furthers the basic value of personal autonomy, it is <span class="ldml-entity">the defendant</span> who must decide whether it is to his advantage to have <span class="ldml-entity">counsel</span> in his particular case</span>)</span></span>.<span class="ldml-pagenumber" data-id="pagenumber_9184" data-val="1076" data-vol="507" data-rep="P.3d" data-page_type="bracketed_cite"></span></span></p><p data-paragraph-id="9184" class="ldml-paragraph "> <span data-paragraph-id="9184" data-sentence-id="9185" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_9185"><span class="ldml-cite">¶ 14</span></a></span> As relevant here, while the <span class="ldml-entity">United States Supreme Court</span> has recognized that <span class="ldml-entity">a defendant</span> has a right to present a defense, <span class="ldml-entity"><a href="/vid/888721510" data-vids="888721510" class="ldml-reference" data-prop-ids="sentence_9185"><span class="ldml-refname"><i class="ldml-italics">Crane v. Kentucky</i></span> , <span class="ldml-cite">476 U.S. 683, 690</span>, <span class="ldml-cite">106 S.Ct. 2142</span>, <span class="ldml-cite">90 L.Ed.2d 636</span> <span class="ldml-parenthetical">(<span class="ldml-date">1986</span>)</span></a></span>, it has not said whether <span class="ldml-entity">a defendant</span>'s right to autonomy includes a right to forgo a defense.</span> <span data-paragraph-id="9184" data-sentence-id="9483" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">Compare</span> </i> <span class="ldml-entity"><a href="/vid/884760647" data-vids="884760647" class="ldml-reference" data-prop-ids="embeddedsentence_9596,sentence_9185"><span class="ldml-refname"><i class="ldml-italics">Wainwright v. Sykes</i></span> , <span class="ldml-cite">433 U.S. 72, 93</span>, <span class="ldml-cite">97 S.Ct. 2497</span>, <span class="ldml-cite">53 L.Ed.2d 594</span> <span class="ldml-parenthetical">(<span class="ldml-date">1977</span>)</span> <span class="ldml-parenthetical">(Burger, C.J., concurring)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence"><span class="ldml-relatingauthority">noting</span> that <span class="ldml-entity">counsel</span> has <span class="ldml-quotation quote">"ultimate responsibility"</span> in determining <span class="ldml-quotation quote">"what defenses to develop"</span></span>)</span></span>, <i class="ldml-italics">with </i> <span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/895131715" data-vids="895131715" class="ldml-reference" data-prop-ids="embeddedsentence_9798"><span class="ldml-refname"><i class="ldml-italics">Jones v. Barnes</i></span> , <span class="ldml-cite">463 U.S. 745, 759</span>, <span class="ldml-cite">103 S.Ct. 3308</span>, <span class="ldml-cite">77 L.Ed.2d 987</span> <span class="ldml-parenthetical">(<span class="ldml-date">1983</span>)</span> <span class="ldml-parenthetical">(Brennan, J., dissenting)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence"><span class="ldml-relatingauthority">suggesting</span> that <span class="ldml-entity">a defendant</span> would have the right to insist that his <span class="ldml-entity">counsel</span> forgo other strategies more likely to produce a dismissal and rely exclusively on a claim of innocence</span>)</span></span>.</span></p><p data-paragraph-id="9978" class="ldml-paragraph "><span data-paragraph-id="9978" data-sentence-id="9978" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_9978"><span class="ldml-cite">¶ 15</span></a></span> In answering the question before <span class="ldml-entity">us</span>, it is useful to look at the <span class="ldml-entity">United States Supreme Court</span>'s most recent pronouncement in a related context.</span> <span data-paragraph-id="9978" data-sentence-id="10126" class="ldml-sentence">In <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_10126"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span></a></span> , <span class="ldml-entity">the Supreme Court</span> addressed the tension between McCoy's autonomy and his <span class="ldml-entity">counsel</span>'s representation.</span> <span data-paragraph-id="9978" data-sentence-id="10236" class="ldml-sentence">Facing triple murder charges for the death of his estranged wife's <span class="ldml-entity">mother</span>, stepfather, and son, McCoy proclaimed his innocence throughout trial.</span> <span data-paragraph-id="9978" data-sentence-id="10381" class="ldml-sentence"><span class="ldml-entity">Larry English</span>, his attorney, employed a strategy contrary to his client's wishes: English conceded McCoy's guilt during the guilt phase of the capital trial in the hopes of establishing credibility with the jury to avoid a death sentence for McCoy during the penalty phase.</span></p><p data-paragraph-id="10654" class="ldml-paragraph "> <span data-paragraph-id="10654" data-sentence-id="10655" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_10655"><span class="ldml-cite">¶ 16</span></a></span> On appeal, the <span class="ldml-entity">Louisiana Supreme Court</span> affirmed McCoy's conviction, holding that the decision to concede guilt was within <span class="ldml-entity">counsel</span>'s province.</span> <span data-paragraph-id="10654" data-sentence-id="10802" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_10655"><span class="ldml-refname"><i class="ldml-italics">State v. McCoy</i> , 2014-1449</span>, <span class="ldml-cite">p. 49-50</span> <span class="ldml-parenthetical">(<span class="ldml-court">La.</span> <span class="ldml-date">10/19/16</span>)</span>, <span class="ldml-cite">218 So.3d 535</span></a></span>.</span> <span data-paragraph-id="10654" data-sentence-id="10870" class="ldml-sentence">McCoy sought, and was granted, certiorari review by the <span class="ldml-entity">United States Supreme Court</span>.</span> <span data-paragraph-id="10654" data-sentence-id="10955" class="ldml-sentence"><span class="ldml-entity">He</span> argued that English violated his <span class="ldml-entity"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_10955"><span class="ldml-cite">Sixth Amendment</span></a></span> rights</span> by conceding guilt over his objection.</span> <span data-paragraph-id="10654" data-sentence-id="11053" class="ldml-sentence"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_10955"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span> , <span class="ldml-cite">584 U.S. at ––––</span>, <span class="ldml-cite">138 S. Ct. at 1505</span></a></span>.</span> <span data-paragraph-id="10654" data-sentence-id="11099" class="ldml-sentence"><span class="ldml-entity">The Court</span> reversed, holding that McCoy's insistent objection to conceding guilt should prevail even over <span class="ldml-entity">counsel</span>'s reasonable strategic decision.</span> <span data-paragraph-id="10654" data-sentence-id="11245" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="embeddedsentence_11278,sentence_11099"><span class="ldml-cite"><i class="ldml-italics">Id.</i> at ––––</span>, <span class="ldml-cite">138 S. Ct. at 1508</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">reasoning that among the rights guaranteed to <span class="ldml-entity">a defendant</span> by the <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_11099"><span class="ldml-cite">Sixth Amendment</span></a></span> is the <span class="ldml-quotation quote">"<span class="ldml-parenthetical">[a]</span>utonomy to decide ... the objective of <span class="ldml-parenthetical">[his]</span> defense,"</span> including whether the objective of that defense is to maintain an assertion of innocence even in the face of overwhelming evidence</span>)</span></span>.</span> <span data-paragraph-id="10654" data-sentence-id="11558" class="ldml-sentence">By allowing English to override McCoy's autonomy to decide the objective of his defense, <span class="ldml-entity">the Court</span> concluded, <span class="ldml-entity">the trial court</span> committed structural error mandating reversal and a new trial.<a href="#note-fr3" class="ldml-noteanchor" id="note-ref-fr3">3</a></span> <span data-paragraph-id="10654" data-sentence-id="11747" class="ldml-sentence"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_11558"><span class="ldml-cite"><i class="ldml-italics">Id.</i> at ––––</span>, <span class="ldml-cite">138 S. Ct. at 1511</span></a></span>.</span> <span data-paragraph-id="10654" data-sentence-id="11780" class="ldml-sentence">Thus, in death penalty <span class="ldml-entity">cases</span>, <span class="ldml-entity">the defendant</span>'s right to autonomy is weightier than his right to effective assistance of <span class="ldml-entity">counsel</span>.</span> <span data-paragraph-id="10654" data-sentence-id="11908" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_11780"><span class="ldml-cite"><i class="ldml-italics">Id.</i></span></a></span> <span class="ldml-referenceseparator">;</span> <i class="ldml-italics"><span class="ldml-signal">see also</span> </i> <span class="ldml-entity"><a href="/vid/887373417" data-vids="887373417" class="ldml-reference" data-prop-ids="embeddedsentence_11998,sentence_11780"><span class="ldml-refname"><i class="ldml-italics">Bell v. Cone</i></span> , <span class="ldml-cite">535 U.S. 685, 686</span>, <span class="ldml-cite">122 S.Ct. 1843</span>, <span class="ldml-cite">152 L.Ed.2d 914</span> <span class="ldml-parenthetical">(<span class="ldml-date">2002</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">a <span class="ldml-entity">state appellate court</span> correctly used the <span class="ldml-entity"><a href="/vid/886768367" data-vids="886768367" class="ldml-reference" data-prop-ids="sentence_11780"><span class="ldml-refname"><i class="ldml-italics">Strickland</i></span></a></span> performance-and-prejudice standard to evaluate <span class="ldml-entity">a defendant</span>'s claim that his <span class="ldml-entity">counsel</span> had been ineffective during his sentencing hearing by failing to adduce mitigating evidence and waiving closing statement</span>)</span></span>.</span> <span data-paragraph-id="10654" data-sentence-id="12260" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">But see</span> </i> <span class="ldml-entity"><a href="/vid/892984023" data-vids="892984023" class="ldml-reference" data-prop-ids="sentence_11780,embeddedsentence_12346"><span class="ldml-refname"><i class="ldml-italics">Florida v. Nixon</i></span> , <span class="ldml-cite">543 U.S. 175, 192</span>, <span class="ldml-cite">125 S.Ct. 551</span>, <span class="ldml-cite">160 L.Ed.2d 565</span> <span class="ldml-parenthetical">(<span class="ldml-date">2004</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">where a capital <span class="ldml-entity">defendant</span> neither approved nor protested <span class="ldml-entity">counsel</span>'s strategy to concede guilt, no <span class="ldml-quotation quote">"blanket rule demand<span class="ldml-parenthetical">[s]</span> <span class="ldml-entity">the defendant</span>'s explicit consent"</span> to implementation of the strategy</span>)</span></span>.</span> <span data-paragraph-id="10654" data-sentence-id="12537" class="ldml-sentence"><span class="ldml-entity">The <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_12537"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span></a></span> opinion</span>, unfortunately, does not explain how the principle of autonomy, or the specific <span class="ldml-entity">holding of <span class="ldml-entity">the case</span></span>, should be applied to other lawyer-client disagreements.</span> <span data-paragraph-id="10654" data-sentence-id="12712" class="ldml-sentence">Nor does the opinion address how <span class="ldml-entity">counsel</span>'s withdrawal is a meaningful solution to the impasse.</span></p><p data-paragraph-id="12806" class="ldml-paragraph "><span data-paragraph-id="12806" data-sentence-id="12806" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_12806"><span class="ldml-cite">¶ 17</span></a></span> The Ninth Circuit's <span class="ldml-entity">decision in <span class="ldml-entity"><a href="/vid/891207793" data-vids="891207793" class="ldml-reference" data-prop-ids="sentence_12806"><span class="ldml-refname"><i class="ldml-italics">Jeffries v. Blodgett</i></span> , <span class="ldml-cite">5 F.3d 1180</span> <span class="ldml-parenthetical">(<span class="ldml-court">9th Cir.</span> <span class="ldml-date">1993</span>)</span></a></span></span>, a death penalty case, is also instructive.</span> <span data-paragraph-id="12806" data-sentence-id="12938" class="ldml-sentence">In his <span class="ldml-entity">petition for habeas corpus</span>, Jeffries alleged that his trial <span class="ldml-entity">counsel</span> had been ineffective by acquiescing in Jeffries’ decision not to <span class="ldml-pagenumber" data-id="pagenumber_13078" data-val="1077" data-vol="507" data-rep="P.3d" data-page_type="bracketed_cite"></span> present mitigating evidence during the penalty phase of his trial.</span> <span data-paragraph-id="12806" data-sentence-id="13146" class="ldml-sentence"><span class="ldml-entity"><a href="/vid/891207793" data-vids="891207793" class="ldml-reference" data-prop-ids="sentence_12938"><span class="ldml-cite"><i class="ldml-italics">Id.</i> at 1197</span></a></span>.</span> <span data-paragraph-id="12806" data-sentence-id="13159" class="ldml-sentence">The lawyers responded that Jeffries had been <span class="ldml-quotation quote">"perfectly competent"</span> and had made a <span class="ldml-quotation quote">"personal decision"</span> not to present such evidence: <span class="ldml-quotation quote">"<span class="ldml-parenthetical">[w]</span>hile <span class="ldml-entity">we</span> may not join in it, <span class="ldml-entity">we</span> believe that the decision is personal enough and made knowingly, voluntarily and intelligently that, as his <span class="ldml-entity">counsel</span>, <span class="ldml-entity">we</span> have no choice but to adhere to his wishes."</span></span> <span data-paragraph-id="12806" data-sentence-id="13491" class="ldml-sentence"><span class="ldml-entity"><a href="/vid/891207793" data-vids="891207793" class="ldml-reference" data-prop-ids="sentence_13159"><span class="ldml-cite"><i class="ldml-italics">Id.</i></span></a></span></span></p><p data-paragraph-id="13494" class="ldml-paragraph "><span data-paragraph-id="13494" data-sentence-id="13494" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_13494"><span class="ldml-cite">¶ 18</span></a></span> The Ninth Circuit explained that <span class="ldml-entity">counsel</span>'s acquiescence in Jeffries’ decision was not ineffective assistance because Jeffries’ decision was <span class="ldml-quotation quote">"informed and knowing"</span> and that, <span class="ldml-quotation quote">"when <span class="ldml-entity">a defendant</span> preempts his attorney's strategy by insisting that a different defense be followed, no claim of ineffectiveness can be made."</span></span> <span data-paragraph-id="13494" data-sentence-id="13816" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/891207793" data-vids="891207793" class="ldml-reference" data-prop-ids="sentence_13494"><span class="ldml-cite"><i class="ldml-italics">Id.</i> at 1198</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-cert">quoting</span> <span class="ldml-entity"><a href="/vid/893139815" data-vids="893139815" class="ldml-reference" data-prop-ids="sentence_13494"><span class="ldml-refname"><i class="ldml-italics">Mitchell v. Kemp</i></span> , <span class="ldml-cite">762 F.2d 886, 889</span> <span class="ldml-parenthetical">(<span class="ldml-court">11th Cir.</span> <span class="ldml-date">1985</span>)</span></a></span> )</span></span>.</span> <span data-paragraph-id="13494" data-sentence-id="13894" class="ldml-sentence"><span class="ldml-entity">The court</span> concluded that <span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"<span class="ldml-entity">counsel</span> for Jeffries had been prepared to present evidence in mitigation and had discussed with Jeffries the ramifications of failing to present the evidence.</span> <span class="ldml-embeddedsentence">Accordingly, <span class="ldml-entity">counsel</span> did not deprive Jeffries of effective assistance in acquiescing in the <span class="ldml-parenthetical">[client's]</span> considered decision."</span></span></span> <span data-paragraph-id="13494" data-sentence-id="14204" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/891207793" data-vids="891207793" class="ldml-reference" data-prop-ids="sentence_13894"><span class="ldml-cite"><i class="ldml-italics">Id.</i></span></a></span> <span class="ldml-referenceseparator">;</span> <i class="ldml-italics"><span class="ldml-signal">see also</span> </i> <span class="ldml-entity"><a href="/vid/893963671" data-vids="893963671" class="ldml-reference" data-prop-ids="embeddedsentence_14270,sentence_13894"><span class="ldml-refname"><i class="ldml-italics">State v. Thomas</i></span> , <span class="ldml-cite">625 S.W.2d 115, 124</span> <span class="ldml-parenthetical">(<span class="ldml-court">Mo.</span> <span class="ldml-date">1981</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence"><span class="ldml-entity">counsel</span> acted properly in deferring to <span class="ldml-entity"><span class="ldml-entity">the defendant</span>'s decision</span> not to call certain witnesses at trial because <span class="ldml-entity">a defendant</span> <span class="ldml-quotation quote">"may not be forced to accept major decisions of trial strategy if <span class="ldml-entity">he</span> is fully informed and voluntarily decides not to follow the advice of his lawyer,"</span> and that <span class="ldml-quotation quote">"<span class="ldml-parenthetical">[i]</span>t would be absurd to say that <span class="ldml-entity">a defendant</span> may waive the assistance of <span class="ldml-entity">counsel</span> entirely and yet may not waive the benefit of <span class="ldml-entity">counsel</span>'s advice with respect to a particular decision, such as whether or not to assert a particular defense"</span></span>)</span></span>.</span></p><p data-paragraph-id="14794" class="ldml-paragraph "><span data-paragraph-id="14794" data-sentence-id="14794" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_14794"><span class="ldml-cite">¶ 19</span></a></span> It is true that <span class="ldml-entity">the Supreme Court</span> has not said whether its <span class="ldml-entity">rationale in <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_14794"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span></a></span></span> applies equally to non-capital <span class="ldml-entity">cases</span>.</span> <span data-paragraph-id="14794" data-sentence-id="14915" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-signal"><i class="ldml-italics">See, e.g.</i></span> , <span class="ldml-entity"><a href="/vid/892264619" data-vids="892264619" class="ldml-reference" data-prop-ids="embeddedsentence_14997,sentence_14794"><span class="ldml-refname"><i class="ldml-italics">United States v. Rosemond</i></span> , <span class="ldml-cite">322 F. Supp. 3d 482, 486</span> <span class="ldml-parenthetical">(<span class="ldml-court">S.D.N.Y.</span> <span class="ldml-date">2018</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"While <span class="ldml-entity">the Court</span> well understands Rosemond's contention that the narrow <span class="ldml-entity">holding of <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_14794"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span></a></span></span> should be extended beyond capital <span class="ldml-entity">cases</span> and that this question will be resolved in due course by <span class="ldml-entity">appellate courts</span>, there is no need to decide it here."</span></span>)</span>, <span class="ldml-cert"><i class="ldml-italics">aff'd</i></span> , <span class="ldml-entity"><a href="/vid/890027878" data-vids="890027878" class="ldml-reference" data-prop-ids="sentence_14794"><span class="ldml-cite">958 F.3d 111</span> <span class="ldml-parenthetical">(<span class="ldml-court">2d Cir.</span> <span class="ldml-date">2020</span>)</span></a></span></span>.</span> <span data-paragraph-id="14794" data-sentence-id="15277" class="ldml-sentence">Until <span class="ldml-entity">we</span> have such guidance, <span class="ldml-entity">we</span> will uphold a competent <span class="ldml-entity">defendant</span>'s autonomy even outside the death penalty context.</span></p></div></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth1" data-id="heading_15393" data-confidences="very_high" data-parsed="true" data-value="III. Analysis" data-content-heading-label="III. Analysis" data-format="upper_case_roman_numeral" data-ordinal_end="3" id="heading_15393" data-specifier="III" data-ordinal_start="3" data-types="analysis"><span data-paragraph-id="15393" class="ldml-paragraph "><span data-paragraph-id="15393" data-sentence-id="15393" class="ldml-sentence">III.</span> <span data-paragraph-id="15393" data-sentence-id="15398" class="ldml-sentence">Analysis</span></span></section><div class="ldml-embeddeddocument"><p data-paragraph-id="15406" class="ldml-paragraph "><span data-paragraph-id="15406" data-sentence-id="15406" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_15406"><span class="ldml-cite">¶ 20</span></a></span> At <span class="ldml-entity">the <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_15406"><span class="ldml-cite">Crim. P. 35<span class="ldml-parenthetical">(c)</span></span></a></span> hearing</span>, trial <span class="ldml-entity">counsel</span> was asked to explain why <span class="ldml-entity">he</span> handled the escape case in the manner it was handled.</span> <span data-paragraph-id="15406" data-sentence-id="15538" class="ldml-sentence"><span class="ldml-entity">Counsel</span> responded,</span></p><blockquote data-paragraph-id="b_15556" class="ldml-blockquote"><span data-sentence-id="15556" class="ldml-sentence">A.</span> <span data-sentence-id="15559" class="ldml-sentence">I consulted with my client and found out what his wishes were....</span></blockquote><blockquote data-paragraph-id="b_15624" class="ldml-blockquote"><span data-sentence-id="15624" class="ldml-sentence">Q.</span> <span data-sentence-id="15627" class="ldml-sentence">Which were what?</span></blockquote><blockquote data-paragraph-id="b_15643" class="ldml-blockquote"><span data-sentence-id="15643" class="ldml-sentence">A.</span> <span data-sentence-id="15646" class="ldml-sentence"><span class="ldml-parenthetical">[H]</span>e was upset that <span class="ldml-entity">we</span> weren't getting the continuance, because <span class="ldml-entity">we</span> hadn't had enough time to communicate.</span> <span data-sentence-id="15752" class="ldml-sentence"><span class="ldml-entity">He</span>'d been stuck in prison.</span> <span data-sentence-id="15779" class="ldml-sentence">It had been a nightmare trying to get the prisons to work with me<span class="ldml-parenthetical">[.]</span></span> <span data-sentence-id="15848" class="ldml-sentence">...</span> <span data-sentence-id="15852" class="ldml-sentence"><span class="ldml-parenthetical">[T]</span>here was a witness that was really really important to present, and <span class="ldml-entity">we</span> couldn't get that guy....</span> <span data-sentence-id="15952" class="ldml-sentence"><span class="ldml-parenthetical">[H]</span>e didn't want to participate in a dog and pony show.</span> <span data-sentence-id="16008" class="ldml-sentence">That's what I wrote <span class="ldml-parenthetical">[in]</span> my file.</span></blockquote></div><p data-paragraph-id="16041" class="ldml-paragraph "><span data-paragraph-id="16041" data-sentence-id="16041" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_16041"><span class="ldml-cite">¶ 21</span></a></span> Defense <span class="ldml-entity">counsel</span>'s notes, which are in the record, are consistent with his testimony.</span> <span data-paragraph-id="16041" data-sentence-id="16131" class="ldml-sentence">Viewing Johnson's decision to forgo participating at trial as unreasonable — not to mention highly unusual — trial <span class="ldml-entity">counsel</span> contacted <span class="ldml-entity">the state</span> office of the <span class="ldml-entity">Colorado State <span class="ldml-entity">Public Defender</span></span> the weekend before trial, and three colleagues advised against presenting no defense at trial.</span></p><p data-paragraph-id="16413" class="ldml-paragraph "><span data-paragraph-id="16413" data-sentence-id="16413" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_16413"><span class="ldml-cite">¶ 22</span></a></span> The tension between Johnson's instruction to <span class="ldml-entity">counsel</span> during trial to forgo any defense and his current attack on trial <span class="ldml-entity">counsel</span>'s performance is real.<a href="#note-fr4" class="ldml-noteanchor" id="note-ref-fr4">4</a></span> <span data-paragraph-id="16413" data-sentence-id="16568" class="ldml-sentence">Cognizant of his duties to Johnson, trial <span class="ldml-entity">counsel</span> was understandably distressed when his client unambiguously instructed him not to mount a defense.</span> <span data-paragraph-id="16413" data-sentence-id="16717" class="ldml-sentence">Johnson's decision not to lodge a defense is analogous to <span class="ldml-entity">a defendant</span> conceding <span class="ldml-pagenumber" data-id="pagenumber_16797" data-val="1078" data-vol="507" data-rep="P.3d" data-page_type="bracketed_cite"></span> guilt, <span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">see</span> </i> <span class="ldml-entity"><a href="/vid/886013576" data-vids="886013576" class="ldml-reference" data-prop-ids="sentence_16717"><span class="ldml-refname"><i class="ldml-italics">Boykin v. Alabama</i></span> , <span class="ldml-cite">395 U.S. 238, 243</span>, <span class="ldml-cite">89 S.Ct. 1709</span>, <span class="ldml-cite">23 L.Ed.2d 274</span> <span class="ldml-parenthetical">(<span class="ldml-date">1969</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">a <span class="ldml-entity">defendant</span> who pleads guilty effectively waives the privilege against self-incrimination, the right to confrontation, and the right to a jury trial</span>)</span></span>, or deciding to forgo <span class="ldml-entity">counsel</span>'s assistance, <span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/891165708" data-vids="891165708" class="ldml-reference" data-prop-ids="sentence_16717"><span class="ldml-refname"><i class="ldml-italics">Faretta</i></span> , <span class="ldml-cite">422 U.S. at 834</span>, <span class="ldml-cite">95 S.Ct. 2525</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">in choosing to forgo <span class="ldml-entity">counsel</span>, <span class="ldml-entity">the defendant</span> is deemed to accept the consequences of his decision</span>)</span></span>.</span></p><p data-paragraph-id="17221" class="ldml-paragraph "> <span data-paragraph-id="17221" data-sentence-id="17222" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_17222"><span class="ldml-cite">¶ 23</span></a></span> It is difficult to imagine why someone accused of a crime would not use all available resources, including his <span class="ldml-entity">counsel</span>'s experience and expertise, to mount a defense.</span> <span data-paragraph-id="17221" data-sentence-id="17394" class="ldml-sentence">Nonetheless, as unsavory as the prospect of a one-sided presentation of evidence was here, Johnson's <span class="ldml-entity">counsel</span> risked violating his client's right to set the objective of the representation if <span class="ldml-entity">he</span> presented a defense.</span> <span data-paragraph-id="17221" data-sentence-id="17609" class="ldml-sentence">Even without the benefit of <span class="ldml-entity">the <span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_17609"><span class="ldml-refname"><i class="ldml-italics">McCoy</i></span></a></span> decision</span>, <span class="ldml-entity">counsel</span> knew that the decision was Johnson's to make.</span></p><p data-paragraph-id="17710" class="ldml-paragraph "> <span data-paragraph-id="17710" data-sentence-id="17711" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_17711"><span class="ldml-cite">¶ 24</span></a></span> In our view, like accepting a guilty plea or forgoing <span class="ldml-entity">counsel</span>'s assistance, the decision to forgo a defense or to sit quietly while <span class="ldml-entity">the prosecution</span> makes its case is personal and, absent competency issues, is one <span class="ldml-entity">a defendant</span> can elect to make.</span> <span data-paragraph-id="17710" data-sentence-id="17960" class="ldml-sentence">While Johnson's <span class="ldml-entity">counsel</span> did not subject <span class="ldml-entity">the prosecution</span>'s case to the <span class="ldml-quotation quote">"crucible of meaningful adversarial testing,"</span> <span class="ldml-entity"><a href="/vid/886768492" data-vids="886768492" class="ldml-reference" data-prop-ids="sentence_17960"><span class="ldml-refname"><i class="ldml-italics">Cronic</i></span> , <span class="ldml-cite">466 U.S. at 656</span>, <span class="ldml-cite">104 S.Ct. 2039</span></a></span>, that inaction was based on Johnson's decision to forgo challenging <span class="ldml-entity">the prosecution</span>'s case.</span></p><p data-paragraph-id="18208" class="ldml-paragraph "><span data-paragraph-id="18208" data-sentence-id="18208" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_18208"><span class="ldml-cite">¶ 25</span></a></span> The transcript of Johnson's pretrial conference with <span class="ldml-entity">the court</span> shows that Johnson's decision was made voluntarily, intelligently, and knowingly.<a href="#note-fr5" class="ldml-noteanchor" id="note-ref-fr5">5</a></span> <span data-paragraph-id="18208" data-sentence-id="18358" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">See</span> </i> <span class="ldml-entity"><a href="/vid/892097072" data-vids="892097072" class="ldml-reference" data-prop-ids="sentence_18208"><span class="ldml-refname"><i class="ldml-italics">Bergerud</i></span> , <span class="ldml-cite">223 P.3d at 693</span></a></span></span>.</span> <span data-paragraph-id="18208" data-sentence-id="18391" class="ldml-sentence">So, even if unwise, the decision was Johnson's to make.</span></p><p data-paragraph-id="18446" class="ldml-paragraph "><span data-paragraph-id="18446" data-sentence-id="18446" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_18446"><span class="ldml-cite">¶ 26</span></a></span> While <span class="ldml-entity">the parties</span> invite <span class="ldml-entity">us</span> to address whether <span class="ldml-entity"><a href="/vid/886768367" data-vids="886768367" class="ldml-reference" data-prop-ids="sentence_18446"><span class="ldml-refname"><i class="ldml-italics">Strickland</i></span></a></span> ’s or <span class="ldml-entity"><a href="/vid/886768492" data-vids="886768492" class="ldml-reference" data-prop-ids="sentence_18446"><span class="ldml-refname"><i class="ldml-italics">Cronic</i></span></a></span> ’s standard applies here to assess prejudice, <span class="ldml-entity">we</span> need not decide the issue because <span class="ldml-entity">we</span> affirm the postconviction <span class="ldml-entity">court</span>'s order based on Johnson's choice to forgo a defense.</span> <span data-paragraph-id="18446" data-sentence-id="18694" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">See</span> </i> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_18446" data-refglobal="case:peoplevhamm,2019coa90"><span class="ldml-refname"><i class="ldml-italics">People v. Hamm</i></span> , <span class="ldml-cite">2019 COA 90</span></a></span>, <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_18446"><span class="ldml-cite">¶ 8</span></a></span></span>, <span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/888127164" data-vids="888127164" class="ldml-reference" data-prop-ids="embeddedsentence_18747"><span class="ldml-cite">461 P.3d 559</span></a></span> <span class="ldml-parenthetical"><span class="ldml-embeddedsentence">(<span class="ldml-quotation quote">"<span class="ldml-parenthetical">[A]</span>ppellate courts have the discretion to affirm decisions ... on any basis for which there is a record sufficient to permit conclusions of law, even though <span class="ldml-entity">they</span> may be on grounds other than those relied upon by <span class="ldml-entity">the trial court</span>."</span></span> <span class="ldml-embeddedsentence"><span class="ldml-parenthetical">(<span class="ldml-cert">quoting</span> <span class="ldml-entity"><a href="/vid/888053813" data-vids="888053813" class="ldml-reference"><span class="ldml-refname"><i class="ldml-italics">Moody v. People</i></span> , <span class="ldml-cite">159 P.3d 611, 615</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo.</span> <span class="ldml-date">2007</span>)</span></a></span> )</span>)</span></span></span>.</span></p></div><div class="ldml-section"><section class="ldml-heading content__heading content__heading--depth1" data-id="heading_19040" data-confidences="very_high" data-parsed="true" data-value="IV. Conclusion" data-content-heading-label="IV. Conclusion" data-format="upper_case_roman_numeral" data-ordinal_end="4" id="heading_19040" data-specifier="IV" data-ordinal_start="4" data-types="conclusion"><span data-paragraph-id="19040" class="ldml-paragraph "><span data-paragraph-id="19040" data-sentence-id="19040" class="ldml-sentence">IV.</span> <span data-paragraph-id="19040" data-sentence-id="19044" class="ldml-sentence">Conclusion</span></span></section><p data-paragraph-id="19054" class="ldml-paragraph "><span data-paragraph-id="19054" data-sentence-id="19054" class="ldml-sentence"><span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_19054"><span class="ldml-cite">¶ 27</span></a></span> The order is affirmed.</span></p><p data-paragraph-id="19081" class="ldml-paragraph no-indent mt-4"><span class="ldml-opinionauthor content__heading content__heading--depth1" data-content-heading-label="Opinion (FREYRE, LIPINSKY)"><span data-paragraph-id="19081" data-sentence-id="19081" class="ldml-sentence"><span class="ldml-entity">JUDGE <span class="ldml-entity"><span class="ldml-judge">FREYRE</span></span> and JUDGE <span class="ldml-entity"><span class="ldml-judge">LIPINSKY</span></span> concur</span>.</span></span></p></div></div><div class="ldml-notes content__heading content__heading--depth1" data-content-heading-label="Footnotes"><div class="ldml-note ldml-note"><p data-paragraph-id="19120" class="ldml-paragraph "><sup class="ldml-superscript"></sup><a href="#note-ref-fr1" class="ldml-notemarker" id="note-fr1">1</a> <span data-paragraph-id="19120" data-sentence-id="19121" class="ldml-sentence">Though Johnson was also charged with three habitual criminal counts, <span class="ldml-entity">the prosecution</span> later dismissed those counts.</span></p></div><div class="ldml-note ldml-note"><p data-paragraph-id="19235" class="ldml-paragraph "><sup class="ldml-superscript"></sup><a href="#note-ref-fr2" class="ldml-notemarker" id="note-fr2">2</a> <span data-paragraph-id="19235" data-sentence-id="19236" class="ldml-sentence">Because Johnson does not reassert the claims of ineffectiveness <span class="ldml-entity">he</span> tried to raise on direct appeal, <span class="ldml-entity">we</span> deem them abandoned.</span> <span data-paragraph-id="19235" data-sentence-id="19360" class="ldml-sentence"><span class="ldml-referencechain"><i class="ldml-italics"><span class="ldml-signal">See</span> </i> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_19236" data-refglobal="case:peoplevdelgado,2019coa55"><span class="ldml-refname"><i class="ldml-italics">People v. Delgado</i></span> , <span class="ldml-cite">2019 COA 55</span></a></span>, <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_19236"><span class="ldml-cite">¶ 9</span></a></span></span> n.3, <span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/894735292" data-vids="894735292" class="ldml-reference" data-prop-ids="embeddedsentence_19422"><span class="ldml-cite">442 P.3d 1021</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"<span class="ldml-entity">We</span> deem abandoned, and won't address, the seven claims that <span class="ldml-entity">defendant</span> raised in his <span class="ldml-entity"><span class="ldml-entity"><a class="ldml-reference"><span class="ldml-cite">Rule 35<span class="ldml-parenthetical">(c)</span></span></a></span> motion</span> but didn't discuss on appeal."</span></span>)</span><span class="ldml-referenceseparator">;</span> <span class="ldml-entity"><a href="/vid/895465104" data-vids="895465104" class="ldml-reference" data-prop-ids="embeddedsentence_19614"><span class="ldml-refname"><i class="ldml-italics">People v. Osorio</i></span> , <span class="ldml-cite">170 P.3d 796, 801</span> <span class="ldml-parenthetical">(<span class="ldml-court">Colo. App.</span> <span class="ldml-date">2007</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-quotation quote"><span class="ldml-embeddedsentence">"<span class="ldml-parenthetical">[T]</span>hose claims raised in <span class="ldml-entity">defendant</span>'s <span class="ldml-entity">postconviction motion</span>, but not reasserted here, have been abandoned on appeal."</span></span>)</span></span></span><span data-paragraph-id="19235" data-sentence-id="19732" class="ldml-sentence">.</span></p></div><div class="ldml-note ldml-note"><p data-paragraph-id="19733" class="ldml-paragraph "><sup class="ldml-superscript"></sup><a href="#note-ref-fr3" class="ldml-notemarker" id="note-fr3">3</a> <span data-paragraph-id="19733" data-sentence-id="19734" class="ldml-sentence">Error is considered structural <span class="ldml-parenthetical">(1)</span> when the right violated <span class="ldml-quotation quote">" <span class="ldml-quotation quote">‘is not designed to protect <span class="ldml-entity">the defendant</span> from erroneous conviction but instead protects some other interest,’</span> such as <span class="ldml-quotation quote">‘the fundamental legal principle that <span class="ldml-entity">a defendant</span> must be allowed to make his own choices about the proper way to protect his own liberty’</span> "</span>; <span class="ldml-parenthetical">(2)</span> when the effects of the error <span class="ldml-quotation quote">"are too hard to measure, as is true of the right to <span class="ldml-entity">counsel</span> of choice"</span>; and <span class="ldml-parenthetical">(3)</span> when the error signals <span class="ldml-quotation quote">"fundamental unfairness,"</span> as when a judge fails <span class="ldml-quotation quote">"to tell the jury that it may not convict unless it finds <span class="ldml-entity">the defendant</span>'s guilt beyond a reasonable doubt."</span></span> <span data-paragraph-id="19733" data-sentence-id="20350" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-entity"><a href="/vid/894536387" data-vids="894536387" class="ldml-reference" data-prop-ids="sentence_19734"><span class="ldml-refname"><i class="ldml-italics">McCoy v. Louisiana</i></span> , <span class="ldml-cite">584 U.S. ––––, ––––</span>, <span class="ldml-cite">138 S. Ct. 1500, 1511</span>, <span class="ldml-cite">200 L.Ed.2d 821</span> <span class="ldml-parenthetical">(<span class="ldml-date">2018</span>)</span></a></span> <span class="ldml-parenthetical">(<span class="ldml-referencenote">citations omitted</span>)</span></span>.</span></p></div><div class="ldml-note ldml-note"><p data-paragraph-id="20458" class="ldml-paragraph "><sup class="ldml-superscript"></sup><a href="#note-ref-fr4" class="ldml-notemarker" id="note-fr4">4</a> <span data-paragraph-id="20458" data-sentence-id="20459" class="ldml-sentence">On top of that tension, <span class="ldml-entity">we</span> cannot ignore that <span class="ldml-entity">counsel</span> had ethical duties to the judicial process and to his client.</span> <span data-paragraph-id="20458" data-sentence-id="20575" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-signal"><i class="ldml-italics">See</i></span> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_20459"><span class="ldml-cite">Colo. RPC 1.2<span class="ldml-parenthetical">(a)</span></span></a></span></span> cmt. 2 <span class="ldml-parenthetical">(providing that the client decides the objectives of representation, and noting that a lawyer may withdraw from representation if <span class="ldml-entity">he</span> has a fundamental disagreement with a client)</span>.</span> <span data-paragraph-id="20458" data-sentence-id="20783" class="ldml-sentence"><span class="ldml-entity">Counsel</span> appeared willing to withdraw, but Johnson did not ask him to, so <span class="ldml-entity">the court</span> did not remove <span class="ldml-entity">counsel</span>.</span> <span data-paragraph-id="20458" data-sentence-id="20890" class="ldml-sentence"><span class="ldml-referencechain"><span class="ldml-signal"><i class="ldml-italics">See</i></span> <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="embeddedsentence_20916,sentence_20783"><span class="ldml-cite">Colo. RPC 1.16<span class="ldml-parenthetical">(a)</span><span class="ldml-parenthetical">(1)</span></span></a></span> <span class="ldml-parenthetical">(<span class="ldml-embeddedsentence">recognizing that if a lawyer concludes that continued representation will result in a violation of the <span class="ldml-entity"><a class="ldml-reference" data-prop-ids="sentence_20783"><span class="ldml-cite">Rules of Professional Conduct</span></a></span>, <span class="ldml-entity">he</span> must withdraw</span>)</span></span>.</span></p></div><div class="ldml-note ldml-note"><p data-paragraph-id="21068" class="ldml-paragraph "><sup class="ldml-superscript"></sup><a href="#note-ref-fr5" class="ldml-notemarker" id="note-fr5">5</a> <span data-paragraph-id="21068" data-sentence-id="21069" class="ldml-sentence">This division issued an order to have the record supplemented with the <span class="ldml-entity">June 2011</span> in camera hearing.</span></p></div></div></div></div>
 </div>
</div>